

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN NORMAN RYAN, II,

    Plaintiff,

v.

MULTNOMAH COUNTY DISTRICT
ATTORNEY MICHAEL D. SCHRUNK;
MULTNOMAH COUNTY DEPUTY
DISTRICT ATTORNEY ADAM A.
GREENMAN; CITY OF LAKE OSWEGO
MUNICIPAL JUDGE BRUCE SHEPLEY;
CLACKAMAS COUNTY DISTRICT
ATTORNEYS; MULTNOMAH COUNTY
SHERIFF'S DEPARTMENT PROBATION
OFFICER BRENNAN J. MITCHELL;
PAULA CASNER; OREGON BOARD OF
MEDICAL EXAMINERS CHIEF
INVESTIGATOR GARY STAFFORD;
WASHINGTON COUNTY JUDGE JAMES
L. SHARTEL; and STEVEN MAYER,

    Defendants.

Civil No. 08-490-AC

ORDER TO DISMISS

MARSH, Judge.

    Plaintiff, an inmate at the Multnomah County Inverness Jail, brings this civil action *pro se*. Pursuant to an order entered by

1 - ORDER TO DISMISS -

the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

Plaintiff alleges three claims for relief. His first claim pertains to a restraining order entered against him, and a subsequent arrest and prosecution for violating the order. Plaintiff appears to allege that a Multnomah County Deputy District Attorney hid or distorted facts in connection with the prosecution.

Plaintiff's second claim for relief pertains to a Clackamas County prosecution on charges of Assault IV and Harassment. The charges arose out of an incident in which Plaintiff apparently assaulted Defendant Steven Mayer, a former co-worker of Plaintiff. Plaintiff complains his attorney, Bruce Shepley provided inadequate representation, and that Mayer "faked" injuries from the assault and lied to the court about his status as Plaintiff's supervisor.

Plaintiff's third claim for relief alleges a claim under the "Health Insurance Privacy and Portability Act[1]" and/or 42 U.S.C. § 10806, against Defendant Paula Casner, who performed a mental

---

[1] The correct title of the law in question is the "Health Insurance Portability and Accountability Act," 42 U.S.C. § 1320d-2, referred to hereafter as "HIPAA."

2 - ORDER TO DISMISS -

health evaluation of Plaintiff after he was found guilty of violating a permanent stalking order. Plaintiff alleges Casner, despite her initial agreement, refused to provide Plaintiff a copy of the written evaluation and refused to allow Plaintiff to tape record their sessions. Although apparently unrelated to his HIPAA claim, Plaintiff also alleges in his third claim that Parole Officer Mitchell lied about not receiving Plaintiff's education and work history and lied when he accused Plaintiff of assaulting him during the course of an arrest for a parole violation. Plaintiff also alleges Defendant Greenman provided false information in response to a bar complaint initiated by Plaintiff, and failed to provide discovery.

By way of relief, Plaintiff seeks an injunction preventing Defendants from further prosecuting him, an order granting his release from incarceration, money damages, and an opportunity to try this case before a jury.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

    (B) the action . . .

        (i) is frivolous or malicious;

3 - ORDER TO DISMISS -

>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. *Tanner*, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1998); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a

statement of the complaint's deficiencies. *McGuckin*, 974 F.2d at 1055; *Karim-Panahi*, 839 F.2d at 623-24; *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. 42 U.S.C. § 1983 Claims

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056 (1990).

#### A. Prosecutorial Immunity

Prosecutors are absolutely immune from liability for damages caused by conduct within the scope of their authority and "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Absolute

5 - ORDER TO DISMISS -

prosecutorial immunity is not defeated by a showing of malicious or wrongful conduct. *Imbler*, 424 U.S. at 431.

To the extent Plaintiff's first claim alleges the Multnomah County Deputy District Attorney improperly prosecuted Plaintiff for violating a restraining order, Plaintiff's claim is barred by prosecutorial immunity. Plaintiff's allegations in his third claim against Defendant Greenman are likewise barred.

**B. Private Actors**

Generally, private parties are not acting under color of state law for the purposes of 42 U.S.C. § 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). As such, Plaintiff's civil rights allegations against Defendants Shepley and Casner do not state a cognizable claim under § 1983.

**C. Witness Immunity**

Witnesses are absolutely immune from liability for damages under § 1983 for testimony given in court proceedings, even if the testimony is false. *Briscoe v. LaHue*, 460 U.S. 325 (1983); *Burns v. County of King*, 883 F.2d 819, 821-22 (9th Cir. 1989).

6 - ORDER TO DISMISS -

Accordingly, Plaintiff's allegations that Defendant Shepley faked his injuries and lied to the trial court must be dismissed.

### D. Civil Rights v. Habeas Corpus Relief

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea*, 931 F.2d at 574 (quoting *Preiser*, 411 U.S. at 498-99).

In particular, a prisoner must file a habeas petition if the nature of his claim is such that it may result in his entitlement to an earlier release. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *see also Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990) *cert. denied*, 498 U.S. 1126 (1991); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989). A civil rights complaint seeking habeas relief is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). To the extent Plaintiff seeks release from custody, he must bring his claim in a habeas petition, and his civil rights claim must be dismissed without prejudice.

7 - ORDER TO DISMISS -

### E. Heck v. Humphrey

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) precludes a § 1983 cause of action for damages challenging a criminal conviction or sentence unless the conviction or sentence has been invalidated, expunged, or reversed. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487 (footnote omitted). To the extent Plaintiff seeks money damages for his current confinement, Plaintiff fails to allege the legality of his confinement has been invalidated, and his claim must be dismissed for failure to state a claim upon which relief may be granted.

## II. HIPAA and/or 42 U.S.C. § 10806 Access to Health Records Claims

Insofar as Plaintiff attempts to state a cause of action under HIPAA, he is not entitled to do so. HIPAA does not provide for a private right of action, as the law specifically states that the Department of Health and Human Services must pursue enforcement actions. *Sconiers v. California Dept. of Social Services*, — F.Supp.2d —, 2008 WL 53231 *4 (E.D. Cal., Jan. 2, 2008) (citing *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176, 1178 (D. Wyo. 2001)); *see also University of Colorado Hospital v. Denver Publ'g Co.*, 340 F.Supp.2d 1142, 1145 (D. Colo. 2004) (same). Likewise, 42 U.S.C. § 10806, a provision

of the Protection and Advocacy for Mentally Ill Individuals Act of 1986, does not create a private right of action. *N.A.M.I. v. Essex County*, 91 F.Supp.2d 781, 786 (D.N.J. 2000). Accordingly, Plaintiff's third claim must be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an amended complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[2]

IT IS SO ORDERED.

DATED this __11__ day of June, 2008.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

---

[2] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

9 - ORDER TO DISMISS -